# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| THOROUGHBRED VENTURES, LLC § <br> § <br> v. § <br> § <br> MICHAEL DEXTER DISMAN, CHRIS § <br> D'ADDARIO, NAOMI D'ADDARIO, NM § <br> EXPLORATIONS, LLC § <br> § | Civil Action No. 4:18-CV-00318 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants Michael Disman ("Disman"), Chris D'Addario ("C. D'Addario"), Naomi D'Addario ("N. D'Addario"), and NM Explorations, LLC's ("NM Explorations") (collectively, "Defendants") Motion to Dismiss Pursuant to the Texas Citizens Participation Act ("TCPA") (Dkt. #43) and Emergency Request for Clarification (Dkt. #51). After reviewing the relevant pleadings and motion, the Court finds that Defendants' motion should be denied.

## BACKGROUND

In 2015, Plaintiff Thoroughbred Ventures, LLC ("Thoroughbred"), through its owner Trenton Davis ("Davis"), hired Disman as a manager and/or partner of Thoroughbred.[1] Plaintiff alleges that during Disman's employment, Disman signed an Employment and Confidentiality Agreement, which provided that all client contact and background information belonged to Plaintiff and constituted "Confidential Information" and a trade secret of Thoroughbred. Despite the alleged contract, Plaintiff complains that Disman, along with the other Defendants, conspired to create a separate investment group using Plaintiff's confidential and trade secret protected

---
[1] Disman disputes Plaintiff's characterization of his title and contends that he never became a manger or officer of Thoroughbred.

information. Moreover, Plaintiff avers that Defendants raised more than $2.3 million from Thoroughbred investors in pursuit of their alleged illegal endeavor.

As a result, on April 30, 2018, Plaintiff filed suit against Defendants alleging misappropriation of trade secrets, breach of contract, breach of fiduciary duty, and conspiracy (Dkt. #1). On June 28, 2018, Plaintiff filed an amended complaint (Dkt. #39). On July 9, 2018, Defendants filed a Motion to Dismiss Pursuant to the TCPA (Dkt. #43). On July 17, 2018, Defendants filed an Emergency Request for Clarification (Dkt. #51). Although Plaintiff has yet to file a response to either, the Court finds that it is necessary to address both Defendants' motion to dismiss and request for clarification on an expedited basis. First, the Court addresses Defendants' motion to dismiss by determining whether the TCPA applies in federal court. Second, the Court addresses Defendants' request for clarification.

**ANALYSIS**

I. **Motion to Dismiss**

The TCPA is an anti-SLAPP ("Strategic Litigation Against Public Participation") statute that is designed to "encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." TEX. CIV. PRAC. & REM. CODE § 27.002. "To achieve this, the TCPA provides a means for a defendant, early in the lawsuit, to seek dismissal of certain claims in the lawsuit." *NCDR, L.L.C. v. Mauze & Bagby, P.L.L.C.*, 745 F.3d 742, 746 (5th Cir. 2014).

Filing a motion to dismiss under the TCPA "stops discovery in the action until the court has ruled, save for limited discovery relevant to the motion." *Cuba v. Pylant*, 814 F.3d 701, 707 (5th Cir. 2016) (citing TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.003(c), 27.006(b) (West 2011)).

Moreover, the statute provides an accelerated timetable for addressing such a motion: "[t]he court must set a hearing on the motion within 60 days of service (90 or 120 days in certain exceptional cases involving crowded dockets, good cause, or TCPA-related discovery) . . . and the court must rule on the motion within 30 days after the hearing." *Id.* (citing TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.004, 27.005 (West 2011)). If a court fails to abide by such deadlines, the motion is deemed denied by operation of law and the defendants may appeal. *See* TEX. CIV. PRAC. & REM. CODE § 27.008(a).

Defendants aver that the TCPA applies in federal court to both federal and state causes of action (Dkt. #43 at pp. 9–11). Here, jurisdiction is based on federal question and supplemental jurisdiction. The *Erie* doctrine provides that a federal court apply the substantive law of the state in which it sits to claims not governed by federal law. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Sommers Drug Stores Co. Emp. Profit Sharing Tr. v. Corrigan*, 883 F.2d 345, 353 (5th Cir. 1989). Although *Erie* is primarily discussed in diversity cases, *Erie* also applies in cases involving supplemental jurisdiction. *Sommers*, 883 F.2d at 353; *Bott v. J.F. Shea Co., Inc.*, 388 F.3d 530, 553 n.3 (5th Cir. 2004). As such, federal courts apply state common law but federal procedural rules. *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996); *Foradori v. Harris*, 523 F.3d 477, 486 (5th Cir. 2008). However, if a conflict exists between state substantive law and a federal procedural rule, federal courts apply the federal rule, not the state substantive law. *All Plaintiffs v. All Defendants*, 645 F.3d 329, 333 (5th Cir. 2011).

The Fifth Circuit has yet to address whether the TCPA is procedural or substantive, or whether it applies in federal court. *See Diamond Consortium, Inc. v. Hammervold*, No. 17-40582, 2018 WL 2077910, at *3 n.3 (5th Cir. May 3, 2018) ("we follow previous panels in assuming without deciding that Texas's anti-SLAPP statute applies in federal court."); *Block v. Tanenhaus*,

867 F.3d 585, 589 (5th Cir. 2017) ("[t]he applicability of state anti-SLAPP statutes in federal court is an important and unresolved issue in this circuit."); *Cuba*, 814 F.3d at 706 ("we first review the TCPA framework, which we assume—without deciding—controls as the state substantive law in these diversity suits."); *Culbertson v. Lykos*, 790 F.3d 608, 631 (5th Cir. 2015) ("[w]e have not specifically held that the TCPA applies in federal court; at most we have assumed without deciding its applicability."). Although the Fifth Circuit has assumed that the TCPA is a controlling state substantive statute, *Cuba*, 814 F.3d at 706, the Court finds persuasive the dissent in *Cuba*. Specifically, United States Circuit Judge James E. Graves in his dissent found that

> the TCPA is procedural and must be ignored. The TCPA is codified in the Texas Civil Practice and Remedies Code, provides for a pre-trial motion to dismiss claims subject to its coverage, establishes time limits for consideration of such motions to dismiss, grants a right to appeal a denial of the motion, and authorizes the award of attorneys' fees if a claim is dismissed. This creates no substantive rule of Texas law; rather, the TCPA is clearly a procedural mechanism for speedy dismissal of a meritless lawsuit that infringes on certain constitutional protections. Because the TCPA is procedural, I would follow *Erie's* command and apply the federal rules.

*Cuba*, 814 F.3d at 720 (citations omitted).[2] The dissent continued to explain that even if the TCPA were substantive, it is inapplicable in federal court because it conflicts with Federal Rules of Civil Procedure 12 and 56. *Id.* at 719–720. As such, the dissent concluded that

> the TCPA is procedural and we may not apply it when sitting in diversity. Even if, however, it could be said that the TCPA is substantive, then there is no doubt that it must yield to the Federal Rules of Civil Procedure because it directly conflicts with the pre-trial dismissal mechanisms of Rules 12 and 56.

*Id.* at 721.

Agreeing with the dissent in *Cuba*, United States Magistrate Judge Andrew W. Austin in the Western District of Texas denied a motion to dismiss pursuant to the TCPA. *Rudkin v. Roger*

---

[2] As explained earlier, jurisdiction in this case is based on federal question and supplemental jurisdiction. Although jurisdiction in *Cuba* was based on diversity of citizenship, such distinction is immaterial as *Erie* applies to cases involving both diversity and supplemental jurisdiction. *See Sommers*, 883 F.2d at 353; *Bott*, 388 F.3d at 553.

4

*Beasley Imports, Inc.*, No. 1:17-CV-849, 2017 WL 6622561, at *1–*3 (W.D. Tex. Dec. 28, 2017), *report and recommendation adopted*, 2018 WL 2122896.[3] Specifically, Magistrate Judge Austin found that

> the TCPA contains procedural provisions setting forth deadlines to seek dismissal, deadlines to respond, and even deadlines for the court to rule, as well as appellate rights, and the recovery of attorney's fees. It is a procedural statute and thus not applicable in federal court. Even if the statute is viewed to be somehow substantive, it still cannot be applied in federal court, as its provisions conflict with Rules 12 and 56, rules well within Congress's rulemaking authority.

*Id.* at *3.

Adopting the reasoning of the dissent in *Cuba* and the District Court in the Western District of Texas, the Court finds that the TCPA, regardless if classified as procedural or substantive, does not apply in federal court. Accordingly, the Court finds that Defendants' motion to dismiss should be denied.

## II. Request for Clarification

On July 17, 2018, Defendants filed an Emergency Request for Clarification seeking "clarification from this Court as to whether or not all upcoming discovery in this case is stayed." (Dkt. #51 at p. 2). As stated earlier, a motion to dismiss under the TCPA "stops discovery in the action until the court has ruled, save for limited discovery relevant to the motion." *Cuba*, 814 F.3d at 707 (citations omitted). Since the Court, as discussed herein, finds that Defendants' motion to dismiss should be denied, the Court declines to stay discovery. Accordingly, all deadlines as set forth in the Court's Order Governing Proceedings (Dkt. #41) remain in effect.

---

[3] The Court notes that although *Rudkin* is currently on appeal to the Fifth Circuit, a ruling has not yet been issued.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion to Dismiss Pursuant to the TCPA (Dkt. #43) is hereby **DENIED**. It is further **ORDERED** that deadlines in the Court's Order Governing Proceedings (Dkt. #41) remain in effect.

**SIGNED this 19th day of July, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE